## A. S. ELLIS *v.* W. W. OLD.

Priority of right gives priority of title in the case of a conflict between a préemption claim and the location of an internal improvement land warrant, on lands granted to the States by Congress.

APPEAL from the District Court of the Parish of Carroll, *Farrar, J. Sparrow & Montgomery,* for plaintiff and appellant. *Selby & DeFrance,* for defendant.

LAND, J. This is a petitory action for the recovery of a tract of land. The plaintiff claims title by virtue of the location of an internal improvement land warrant, and of a patent issued by the State of Louisiana on the 27th day of April, 1854. The defendant claims title under the Act of Congress of the 4th of September, 1841, granting pre-emption rights to settlers on the public lands, and under a patent issued by the United States Government on the 30th day of April, 1859.

The Act of Congress of the 4th of September, 1841, entitled " An Act to appropriate the proceeds of the sales of the public lands, and to grant pre-emption rights," is the origin of the titles both of the plaintiff, who claims by purchase from the State of Louisiana, and of the defendant, who claims as a pre-emptor by purchase from the United States.

The 8th section of this Act of Congress provides : " That there shall be granted to each State specified in the first section of this Act, five hundred thousand acres of land for purposes of internal improvement : *Provided,* that to each of the said States which has already received grants for said purposes, there is hereby granted no more than a quantity of land which shall, together with the amount such State has already received as aforesaid, make five hundred thousand acres ; the selections in all of the said States, to be made within their limits respectively, in such manner as the Legislatures thereof shall direct, and located in parcels conformably to sectional divisions and subdivisions, of not less than three hundred and twenty acres in any one location, in any public land except such as is or may be

reserved from sale by any law of Congress or proclamation of the President of the United States ; which said locations may be made at any time after the lands of the United States in said States, respectively, shall have been surveyed according to existing laws."

Louisiana being one of the States specified in the first section of the Act, the Legislature authorized the Register of the State Land Office, and the State Treasurer, to sell the unlocated lands donated by Congress, by issuing warrants for not less than eighty nor more than six hundred and forty acres, and selling the same in the manner prescribed by the statute for the sale of the located lands. See Session Acts of 1844, p. 62. And accordingly, the Register and Treasurer sold to the plaintiff, on the 16th of January, 1849, a warrant for one hundred and sixty-four acres of land, donated to the State of Louisiana for internal improvement purposes, by the Act of Congress above mentioned. This warrant was located by the plaintiff upon the land in dispute, and forms the basis of his title, and is confirmed, so far as it was susceptible of confirmation, by a patent issued by the State.

The defendant's title has its origin, as we have said, also in the Act of Congress of the 4th of September, 1841. The 10th section of this Act provides that : " Every person being the head of a family, or widow, or single man, over the age of twenty-one years, and being a citizen of the United States, or having filed his declaration of intention to become a citizen, as required by the naturalization laws, who since the first day of June A. D. 1840, has made, or shall hereafter make, a settlement in person on the public lands to which the Indian title has been, at the time of such settlement, extinguished, and which has been, or shall have been, surveyed prior thereto, and who shall inhabit and improve the same, and who has or shall erect a dwelling thereon, shall be, and is hereby, authorized to enter with the Register of the Land Office for the district in which such land may lie, by legal subdivisions, any number of acres not exceeding one hundred and sixty, or a quarter section of land, to include the residence of such claimant, upon paying to the United States the minimum price of such land," &c. 5 vol. U. S. Statutes at Large, p. —.

The defendant, intending to avail himself of the privileges granted by the provisions of the 10th section of the Act of Congress above recited, settled, in the month of December, 1845, on the east half of the northwest quarter of section twenty-five, in township twenty, north, of range eleven, east, in the district of lands subject to sale at Monroe in this State, and on the 2d day of January, 1846, filed with the Register of the Land Office at Monroe, a declaration in writing of his intention to claim, under the pre-emption acts of Congress, the eighty acres of land above described, and also the east half of the southwest quarter of section twenty-four, in the same township and range ; and having obtained of the Register of the Land Office at Monroe a certificate of entry, showing full payment for the quarter section of land above described, a. patent was issued to him for the same by the United States Government, on the 30th day of April, 1859, as before stated.

It thus appears that the titles of the plaintiff and defendant present a case of direct conflict, under the Act of Congress of the 4th of September, 1841 ; and a case of conflict, which is not contemplated nor provided for in the Act itself.

The plaintiff had the right, under the Act of Congress, to locate his internal improvement warrant on any public land in the State which had been surveyed, and not reserved from sale by any law of Congress or proclamation of the Presi-

dent of the United States ; and the defendant had a right to make a settlement in person on any of the public lands to which the Indian title had been extinguished, and which had been surveyed prior to his settlement, and to acquire thereby a pre-emption right to the same.   It is, however, not very clear that the plaintiff had a right, under the Act of Congress, to locate his warrant, *separately*, on one hun-drd and sixty acres of land, because the Act declares that the selections of land donated to the State shall be located in parcels conformably to sectional divisions and subdivisions, of not ¹ess than three hundred and twenty acres in any one loca-tion ; but if it be conceded that this provision of the Act is directory, or its re-quirement may be dispensed with by the United States, and a location of a less quantity of land held to be valid, still the plaintiff's right to acquire by a location of his warrant any part of the public domain in the State, subject to entry or sale, was not paramount to the right of the defendant, considered as a person capable of acquiring a right of pre-emption under the provisions of the same act.   The right of acquisition as between the State of Louisiana, the vendor of the plaintiff, and the defendant under the Act of Congress, cannot be considered in favor of the State, of more than equal dignity to that of the pre-emptor ; and hence, in passing upon the question of title between the parties to this suit, we must ascertain and give effect to the priority of right acquired under the Act, to the land in dispute.

It appears from the evidence that the defendant's right first accrued, for as a pre-emptor he settled on the land in December, 1845, and filed with the Register of the Land Office at Monroe, on the 2d of January, 1846, a declaration in writ-ing of his intention to claim the land under the pre-emption Act of Congress of the 4th of September, 1841 ; and the plaintiff did not purchase his internal im-provement warrant from the State until the 16th of January, 1849, more than three years subsequent to the date of the settlement and claim of the defendant.

The plaintiff, however, calls in aid of his title, through the testimony, his pur-chase of the improvements of a pre-emptor, by the name of *Edins*, who had settled on the eighty acres of land in section twenty-four above described, before, or about the time that the defendant made his settlement on the eighty acre tract in section twenty-five, before mentioned.   The eighty acres in section twenty-four is really the only land in controversy in this suit, for the plaintiff, in locating his internal improvement warrant, only covered with it one-half of the pre-emption claim of the defendant.

The purchase of the improvements by the plaintiff, is of no avail to him in making out his title, because such purchase did not convey the pre-emptive right of the settler, but on the contrary, extinguished it.

The plaintiff, on the other hand, seeks to impair the effect of the defendant's title, by adducing in evidence an order from the Commissioner of the General Land Office to the Register at Monroe, directing him to return the patent issued in the name of the defendant for the land which is in controversy.   But this order is of no benefit to the plaintiff, because the patent had been delivered to the de-fendant, and was beyond the control of the Commissioner of the General Land Office before the receipt of his order by the Register of the Land Office at Monroe. The Commissioner states in his order no reason why the patent should be re-turned ; nor is there anything in the record before us to show that the patent was unadvisedly or illegally issued in the name of the defendant, for the land which the plaintiff claims in this action.

The defendant's right having first attached under the Act of Congress of the 4th of September, 1841, must be maintained as the paramount title to the land,

confirmed as it is by a patent issued by the United States Government, and delivered to him in pursuance of law.

The construction that we have given to the Act of Congress of the 4th of September, 1841, that is to say, that priority of right gives priority of title in the case of a conflict between a pre-emption claim and the location of an internal improvement land warrant, is in consonance with the opinion of the Attorney General of the United States, which is to the effect that the grants of land to Louisiana and other States for purposes of internal improvement, cannot be located on lands to which pre-emption rights exist.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.